UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Gerald Rolfes, as trustee for the next of kin of Raymond Rolfes, deceased, | Case No.: _____ |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| The United States of America, | |
| Defendant. | |

---

1. Gerald Rolfes brings this lawsuit as the trustee for the next of kin of Raymond Rolfes, deceased. Gerald Rolfes claims that Raymond Rolfes died as a direct result of negligent conduct by the agents and employees of the Veterans Health Administration [VHA], a division of the United States government's Department of Veterans Affairs. Gerald Rolfes claims that the VHA departed from accepted standards of medical practice when it switched the type of medication Raymond Rolfes was receiving from oral oxycodone liquid to 1.8 mg of subcutaneous hydromorphone (Dilaudid). He was supposed to receive 0.5 mg of it. Dr. Churchill told Raymond Rolfes's family that an error had occurred during the transcribing of the medication conversion during the ordering process. Dr. Churchill also explained to Raymond Rolfe's family that this increase in dosage may have hastened Raymond's death by minutes, hours, or days. Gerald Rolfes claims that this departure from accepted standards directly hastened Raymond's death.

**Parties**

2. By Order of the Stearns County District Court [Court File #73-CV-16-6069] dated July 5, 2016, Gerald Rolfes, the son of Raymond Rolfes, was appointed trustee

for the next of kin of decedent Raymond Rolfes.

3. Defendant United States of America [USA] operates the Department of Veterans Affairs, which in turn operates the Veterans Health Administration [VHA]. VHA operates the Minneapolis VA [Veterans Administration] Health Care System and the St. Cloud [Minnesota] VA Health Care System. Defendant USA, in the administration of the VHA and the Minneapolis and St. Cloud VA Health Systems, employs nurses, clerks, and other personnel and USA is vicariously responsible for the conduct of those employees.

### Jurisdiction and Venue

4. Subject matter jurisdiction for this medical negligence suit against the United States is provided by the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346 (b) and 2671-2680.

5. On February 20, 2017, Gerald Rolfes submitted an administrative tort claim by filing a Standard Form 95 with the Department of Veterans Affairs, demanding two hundred and fifty thousand dollars ($250,000) in damages for the death of his father.

6. By letter dated August 24, 2017, the Department of Veterans Affairs, through its General Counsel in Washington, DC, denied Gerald Rolfes's claim but offered that Gerald might file a "request for reconsideration with the VA General Counsel" within six months of the August 24, 2017 denial letter. By letter dated February 21, 2018, Gerald Rolfes through counsel requested reconsideration of the Department of Veterans Affairs' August 24, 2017 denial.

7. In a letter dated April 16, 2018 the Department of Veterans Affairs' Office of the General Counsel in Washington DC acknowledged receipt of Gerald's request for

reconsideration.

8. On August 5, 2020, in accordance with the FTCA §§ 1346(b) and 2671-2680, Title 28, United States Code, defendant United States, through the Office of General Counsel of the U.S. Department of Veterans Affairs, again denied Gerald Rolfes's claim on the grounds that they believe there was no negligent or wrongful act on the part of an employee of the Department of Veterans Affairs (VA) acting within the scope of employment that caused the next of kin of Raymond Rolfes compensable harm.

9. The August 5, 2020 letter also informed Gerald Rolfes that further action could be taken under FTCA §§ 1346(b) and 2671-2680, Title 28, United States Code, but such a suit needed to be initiated within 6 months after the date of mailing of the final denial. The final denial letter was the August 5, 2020 letter.

10. This complaint is being filed within 6 months of the August 5, 2020 final denial letter, and thus is timely as specified by 28 U.S.C. § 2401(b).

11. Venue in this district is proper under 28 U.S.C. § 1402 (b).

12. All of the acts of negligence and other wrongful conduct of the agents, servants, and/or employees of defendant United States described herein were committed within the course and scope of their agency, service, and/or employment by defendant United States.

## General Allegations

13. Raymond Rolfes was born on June 30, 1927 and died on May 30, 2016. At the time of his death Raymond was widowed and not remarried and resided at the St. Cloud VA Health Care System, 4801 Veterans Drive, St. Cloud, Stearns County, Minnesota.

14. Raymond Rolfes was an 88-year-old, 60% service-connected, Veteran at the time of his death. He served in the U.S. Army from 1953 to 1955 as an MP in Seoul, Korea during the Korean War.

15. According to VA records Raymond was admitted to the St. Cloud Hospital on May 6, 2016 with pneumonia. During his work up a new lung mass with lymph node involvement was found. Raymond also had a history of coronary artery disease with atrial fibrillation and mitral valve insufficiency with chronic dizziness and chronic obstructive pulmonary disease. Raymond was a lifelong smoker.

16. Raymond and his family had a palliative consult on May 9, 2016. It was decided that Raymond would be transferred to the VA for hospice care. He was admitted to the VA for hospice care the same day, May 9, 2016.

17. According to VA records Raymond received hospice care during the month of May, and his health steadily declined during his stay there.

18. On May 30, 2016, Raymond Rolfes died from lung cancer.

19. On June 17, 2016 an adverse event meeting was held between staff at the VA and Raymond's family. In attendance was Christopher Churchill (DO SL Director EC&R), John David (JD) Anderson (PharmD), Nicole Mares (RN Nurse Manager EC&R), Nicole Stark (RN Risk Manager), Dorine Rausch (daughter), Gerald Rolfes (son), Mary Kulzer (daughter), Donna Bruemmer (daughter), and Charlene Wanek (daughter).

20. According to VA records Dr. Churchill explained to the family that Raymond was taking oral oxycodone liquid for pain control and shortness of breath. Raymond's health began rapidly declining and a plan was made to convert the oral pain medication

to a subcutaneous pain medication. A conversion through Virtual Pharmacy was requested and received.

21. The Virtual Pharmacy gave a conversion of 1.8 mg of subcutaneous dilaudid which was a 24-hour daily dose. JD Anderson informed the Rolfes family that a communication error occurred between the pharmacy and nursing and an order was written for 1.8 mg every four hours. The high dosage was not questioned by nursing staff.

22. Raymond received 1.8 mg of hydromorphone (Dilaudid) instead of 0.5 mg of hydromorphone (Dilaudid). Dr. Churchill told that family that the increase in dosage could have hastened Raymond's life by minutes, hours, or days. JD Anderson told the family that Raymond's rapid decline in health was not anticipated so a plan was not made in time.

23. The Doctors further explained that It is not typical to require the use of the Virtual Pharmacy for this type of conversion. An error occurred during the transcribing of the conversion during the ordering process.

**Allegations of Negligence Resulting in Wrongful Death**

24. Raymond Rolfes died on May 30, 2016 in part due to the negligent actions of VA medical personnel. The appropriate standard of care required that Raymond should have received the correct dose of hydromorphone (Dilaudid), that the nurse should have ensured she was administering the proper dose, that the Virtual Pharmacy was providing the proper dose, and that the doctors in charge of the staff should have ensured that Raymond was receiving the proper dosage of medication. As a direct result of the VA Health Care System's negligent failure to check and properly administer

Raymond's medication, Raymond died more quickly than he would have had the error not been made.

## Allegations of Damage

25. As a direct result of the negligence of agents and employees of the VA Health Care System which caused Raymond Rolfes's death, the next of kin of Raymond Rolfes have lost the counsel, guidance, aid, advice, comfort, assistance, and protection that Raymond would have given them if Raymond had lived. Plaintiff Gerald Rolfes as trustee estimates the reasonable monetary value of these items to be in excess of fifty thousand dollars ($50,000).

26. Gerald Rolfes as trustee reserves the right to supplement these claims as consultations with additional experts are completed.

**WHEREFORE** plaintiff Gerald Rolfes as trustee for the next of kin of Raymond Rolfes, deceased, demands judgment against defendant The United States of America:

[1] For damages in excess of fifty thousand dollars ($50,000); and

[2] For costs, disbursements, and interest as allowed by applicable laws.

I hereby acknowledge that sanctions may be awarded pursuant to Minn. Stat. § 549.211.

BRADSHAW & BRYANT, PLLC

Dated: 2/2/2021

By: _____
Michael A. Bryant, #218583
Attorney for Plaintiff Gerald Rolfes as trustee
1505 Division Street
Waite Park, MN 56387
(320) 259-5414